**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,       )<br>            Plaintiff,       )<br>                   )<br>vs.       )<br>                   )<br>Martin Flores,       )<br>            Defendant.       )<br>_____) | No. CR 17-1904-TUC-CKJ<br><br>**ORDER** |

    Pending before the Court is the Motion to Correct Amended Judgment (Doc. 516) filed by Defendant Martin Flores ("Flores"). The government has filed a response.

    Flores requests the Judgment (Doc. 514) be amended to reflect the forfeiture of specified firearms as agreed upon by the parties in the plea agreement. Flores asserts he did agree to the forfeiture of the firearms, but he did not agree to converting the value of the firearms to dollars and finding him responsible for the entire amount. The government asserts it is entitled to forfeit substitute assets up to the value of trafficked firearms that are not available to the government due to an act or omission of Flores. *See United States v. Valdez*, 911 F.3d 960, 966 (9th Cir. 2018); *United States v. Soto*, 915 F.3d 675, 679-680 (9th Cir. 2019) (rehearing denied April 24, 2019). However, the guilty pleas in the cases relied upon by the government were not pursuant to a plea agreement. Moreover, it is not clear in those cases what facts regarding the forfeited items were provided to the defendants at the time of the guilty plea (i.e., value of items to be forfeited, subject to forfeiture of substitute assets).

    In this case, the indictment included a forfeiture allegation that included the specified firearms. The government asserts:

> The government submitted a proposed Preliminary Order of Forfeiture which provided for the forfeiture of the eleven firearms the defendant purchased or assisted his co-defendants in purchasing in this case. The Preliminary Order of Forfeiture stated that the value of the firearms was $9,582.97, established that the firearms had been placed beyond the jurisdiction of the Court, and provided that the United States may seek, as a substitute asset, forfeiture of any of the defendant's property up to the value of $9,582.97 in United States currency. The defendant agreed to this Preliminary Order of Forfeiture at the time of his change of plea hearing, the magistrate judge signed the order, and it was entered into the record on July 26, 2021. (Doc. 465.)

Response (Doc. 528, pp. 2-3). However, there is nothing in the record to indicate Flores received and reviewed a copy of this Preliminary Order of Forfeiture during the change of plea hearing or before he entered a plea of guilty. Rather, a review of a recording of the proceeding indicates the magistrate judge received the proposed order, stated it listed the items included in the plea agreement, and signed the Preliminary Order of Forfeiture. The recording does not show Flores was made aware of the value of the items to be forfeited or that the Order allowed for the forfeiture of substitute assets.

Similarly, the government asserts:

> The government submitted a proposed Final Order of Forfeiture to this Court at sentencing. As in the Preliminary Order, the Final Order of Forfeiture provided that the United States may seek, as a substitute asset, forfeiture of any of the defendant's property up to the value of the eleven firearms, $9,582.97 in United States currency. The defendant agreed to this Final Order of Forfeiture, this Court signed the order, and it was entered into the record on October 6, 2021. (Doc. 508.) The Amended Judgment and Conviction entered by this Court appropriately reflects and incorporates the Preliminary and Final Orders of Forfeiture, which have never been contested or objected to. (Doc. 514.)

Response (Doc. 528, p. 3). A review of the proceeding indicates defense counsel stated Flores agreed to the forfeiture of any interest he has in the firearms. The review also indicates, however, there is no basis to conclude Flores received and reviewed a copy of the Final Order of Forfeiture, that Flores was aware the Order allowed for forfeiture of substitute assets, or the value of the items to be forfeited. The Court finds no showing has been made that Flores had actual notice of the forfeiture of the substitute property. *See e.g., United States v. Moreno*, 618 F. App'x 308, 315 (9th Cir. 2015) (where defendant had actual notice of the forfeiture, he cannot show that the error affected his substantial rights).

Nonetheless, Congress has made it clear the government may seek the forfeiture of substitute property when, "as a result of any act or omission of the defendant . . . the forfeitable property has been transferred . . . to . . . a third party." *Valdez*, 911 F.3d at 966 (9th Cir. 2018), *citations and internal quotation marks omitted*. Indeed, once a forfeiture order has been entered, "the government may attempt to satisfy the judgment with any substitute property it locates in the future." *United States v. Nejad*, 933 F.3d 1162, 1165 (9th Cir. 2019). In other words, had the Preliminary and Final Orders of Forfeiture only included the specified firearms, the government would have been entitled to seek to satisfy the judgment with substitute property. The forfeiture of the substitute property, however, must meet the requirements of 21 U.S.C. § 853(p)(2). *Id*. The record in this case demonstrates the requirements of § 853(p)(2) have been met.

Lastly, the Court is not aware of any authority that requires additional notice to a defendant prior to the forfeiture of substitute property. Indeed, at least one district court in the Ninth Circuit has determined that the initial notice is sufficient to permit the Court to order the forfeiture of substitute property. *See e.g. United States v. Pina*, No. 3:19-CR-032-MMD-CLB, 2020 WL 6685518, at *1 (D. Nev. Nov. 9, 2020).

Accordingly, IT IS ORDERED the Motion to Correct Amended Judgment (Doc. 516) is DENIED.

DATED this 19th day of November, 2021.

_____
Cindy K. Jorgenson
United States District Judge